IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

JOHN M. GIBSON, SR.,

        Plaintiff,

v.

COMMISSIONER of Social Security,

        Defendant.

Case No. 1:11-cv-03018-CL

ORDER

CLARKE, Magistrate Judge.

This matter comes before the Court on the stipulation of the parties (#24) that plaintiff be awarded attorney fees (#22) under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412.

## BACKGROUND

On February 24, 2011, plaintiff filed a Complaint (#2) in this court seeking judicial review of a final decision of the Commissioner of the Social Security Commission denying his applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") benefits under Titles II and XVI of the Social Security Act, as amended ("the Act"). On March 29, 2012, the court granted (#21) the Commissioner's motion to remand (#19) plaintiff's case for further administrative proceedings pursuant to sentence four of 42 U.S.C. § 405(g).

//

## LEGAL STANDARDS

To award attorney fees under the EAJA, the Court must determine (1) that the claimant is a "prevailing party"; (2) that the government has not met its burden of showing that its position was "substantially justified" or that special circumstances make an award unjust; and (3) that the requested fees and costs are reasonable. See Perez-Arellano v. Smith, 279 F.3d 791, 793 (9th Cir. 2002); 28 U.S.C. § 2412(d)(1)(A). "[A]n applicant for benefits becomes the prevailing party upon procuring a sentence-four remand for further administrative proceedings, regardless of whether [she] later succeeds in obtaining the requested benefits." Flores v. Shalala, 49 F.3d 562, 568 (9th Cir. 1995). An EAJA fee award must be reasonable. Sorenson v. Mink, 239 F.3d 1140, 1145 (9th Cir. 2001). In determining whether a fee is reasonable, the court considers the hours expended, the reasonableness of the hourly rate charged, and the results obtained. See Commissioner, INS v. Jean, 496 U.S. 154, 110 S.Ct. 2316 (1990); Hensley v. Eckerhart, 461 U.S. 424, 433, 103 S.Ct. 1933 (1983); Atkins v. Apfel, 154 F.3d 986 (9th Cir. 1998) (applying Hensley to cases involving the EAJA). If the requested fees are not shown to be reasonable, then the Court may reduce the award. See Hensley, 461 U.S. at 433; Atkins, 154 F.3d at 988.

## DISCUSSION

It is undisputed that plaintiff is a prevailing party. The Commissioner has conceded that its position in denying his benefits application was not "substantially justified," as demonstrated by the stipulations to remand of plaintiff's case and to an award of attorney fees. Plaintiff's counsel has provided an accounting of the 35.4 hours expended on his case, as follows: attorney Betsy Stephens expended a total of 17.5 hours working on plaintiff's case in 2011; attorney Robert Boyer expended a total of 6.5 hours working on plaintiff's case, 0.3 hours in 2010 and 6.2 hours in 2011; and attorney Tim Wilborn expended a total of 11.4 hours working on plaintiff's

case, 8.8 hours in 2011 and 2.6 hours in 2012. Plaintiff's counsel asserts hourly rates of $180.59 in 2011 and $182.97 in 2012, but does not provide an hourly rate for 2010. The court finds that $175.06 is a reasonable hourly rate for 2010. Using the reported hours, this amounts to $52.52 for 2010, $5,869.17 for 2011, and $475.72 in 2012, for a grand total of $6,397.41 in attorney fees. The parties have stipulated (#24) to an attorney fee award in the amount of $6,037.89.

The court finds that the hours worked, hourly rates, and stipulated attorney fee are reasonable. The award of attorney fees under the EAJA is subject to any offset allowed under the Department of the Treasury's Offset Program. Astrue v. Ratliff, -- U.S. --, 130 S.Ct. 2521 (2010) (an attorney fee award under the EAJA is payable to the litigant and is therefore subject to a government offset to satisfy any pre-existing debt owed to the United States by the claimant). While the parties stipulate that the award of EAJA shall be made payable directly to plaintiff's counsel, plaintiff has not filed an assignment of EAJA fees with the court. Accordingly,

IT IS ORDERED that:

(1) plaintiff's application for attorney fees (#22) is GRANTED;

(2) plaintiff is awarded $6,037.89 for attorney fees under 28 U.S.C. § 2412(d); and

(3) Defendant shall determine whether plaintiff's EAJA attorney fees are subject to any offset permitted under the United States Department of the Treasury's Offset Program and, if the fees are not subject to an offset, cause the payment of fees to be made to plaintiff and delivered to plaintiff's counsel. Should plaintiff provide a signed assignment requesting that the attorney fees awarded be paid directly to his counsel,

the government shall honor the assignment by causing the payment of fees to be made directly to plaintiff's counsel.

IT IS SO ORDERED.

DATED this _____ day of May, 2012.

_____
MARK D. CLARKE
United States Magistrate Judge